**WO**  SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Simmons, III, | ) No. CV 07-8002-PCT-SMM (JCG) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| D'Arcy Downs-Vollbracht, et al., | ) |
| Defendants. | ) |

Plaintiff Roy Simmons, III, who is confined in the Arizona State Prison Complex in Douglas, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the $350.00 civil action filing fee or file a proper Application to Proceed *In Forma Pauperis*, so by Order dated May 14, 2007, the Court gave Plaintiff 30 days to file the Application to Proceed or pay the filing fee.

Plaintiff has filed a Motion for Issuance of Subpoena Duces Tecum (Doc. #3) and a Motion to Amend the Complaint (Doc. #5). The Court will deny the motions.

**I.  Motion to Amend**

Plaintiff may amend his Complaint once as a matter of right before a responsive pleading is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party. Rule 15(a), Fed.R.Civ.P. Plaintiff is advised that Local Rule of Civil Procedure 15.1(a) requires that a party who moves for leave to amend

must attach a copy of the proposed amended pleading as an exhibit to the motion. LRCiv 15.1(a).

Plaintiff is also advised that if he files an amended complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten **in its entirety** on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED as MOOT**; at this time, Plaintiff can file an amended complaint as of right.

**II.    Motion for Issuance of Subpoena Duces Tecum**

Plaintiff moves for an order for production of numerous documents, which the Court will deny.

First, Plaintiff must pay the filing fee or file a completed Application to Proceed *In Forma Pauperis*. If Plaintiff pays the filing fee or files a completed application to proceed, the Court will then screen the Complaint pursuant to 18 U.S.C. § 1915A(a). If the Court determines that the Complaint states a claim against named Defendants, the Court will direct the Clerk of Court to send Plaintiff a service packet; Plaintiff must complete and return the service packet to the Clerk of Court. The Court will then order the United States Marshal to notify Defendants of the commencement of the action and request waiver of service of the summons and to personally serve those Defendants who do not complete waivers of service. Defendants will be given time to file Answers to the Complaint.

Thereafter, the Court will issue a scheduling Order setting the case management schedule for this case. Plaintiff may then pursue discovery as outlined in the Order and pursuant to the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Issuance of Subpoena Duces Tecum (Doc. #3) is **DENIED** and his Motion to Amend the Complaint (Doc. #5) is **DENIED as MOOT**.

DATED this 22nd day of May, 2007.

_____
Stephen M. McNamee
United States District Judge