**WO**                                                                                            SVK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Simmons III, | No. CV 07-8002-PCT-SMM (JCG) |
| Plaintiff, | **ORDER** |
| vs. | |
| D'Arcy Downs-Vollbracht, et al., | |
| Defendants. | |

Plaintiff Roy Simmons, III, who is confined in the Arizona State Prison Complex in Douglas, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On May 11, 2007, the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* and gave Plaintiff 30 days to pay the $350.00 filing fee or file a proper Application to Proceed. On May 25, 2007, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

## I.     Second Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $15.40. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL-K

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## III.     Complaint

Plaintiff names the following Defendants: (1) D'Arcy Downs-Vollbracht, Public Defender; (2) Lee F. Jantzen, Deputy County Attorney; (3) Matthew J. Smith, County Attorney;  (4) Steven F. Conn, Superior Court Judge; (5) J.W., employed as assistant to Defendant Jantzen; (6) James M. Jellison, a private attorney; and (7) Schleier, Jellison, and Schleier, a law firm.

The Complaint contains four counts, arising from Plaintiff's prosecution and sentencing and a complaint by Plaintiff to the Arizona State Bar.  Defendant Downs-Vollbracht represented Plaintiff in his criminal case, which was prosecuted by Defendants County Attorneys and heard by Defendant Judge Conn.  Plaintiff also alleges that James Jellison and his law firm, Schleier, Jellison, and Schleier, were retained by Defendant

JDDL-K

- 2 -

1  Downs-Vollbracht to defend her before the Arizona State Bar.  All the claims appear to relate

2  to allegedly false information in a pre-sentence report.

3       In Count I, Plaintiff alleges that, in violation of 42 U.S.C. § 1983, Defendants either

4  submitted or allowed to be submitted false and misleading information in a court document

5  and Defendants Jellison and the law firm reiterated the information before the State Bar.  In

6  Count II, Plaintiff alleges that, in violation of 42 U.S.C. § 1985(2), Defendants conspired to

7  obstruct justice by allowing false information to be submitted to the court and Defendants

8  Jellison and the law firm conspired with Defendant Downs-Vollbracht to obstruct justice by

9  reiterating the information to the State Bar.  In Count III, Plaintiff alleges that, in violation

10  of 42 U.S.C. § 1985(3), all Defendants conspired to deprive Plaintiff of equal protection.

11  In Count IV, Plaintiff alleges that, in violation of 42 U.S.C. § 1986, Defendants Downs-

12  Vollbracht, Jantzen, Smith, and Conn submitted or allowed to be submitted false information

13  to the court.  Plaintiff seeks damages.

14       The Court notes that Plaintiff has annexed to the Complaint additional documents that

15  purport to be complaints in the U.S. District Court of Arizona issued pursuant to Rule 9 of the

16  Federal Rules of Civil Procedure. The first is labeled "Negligence Where Plaintiff is Unable

17  to Determine Whether the Person Responsible is . . . or Whether all Are Responsible . . . ."

18  and names Vollbracht, Smith, Jellison and Schleier, Jellison, Schleier as Defendants.  The

19  second is labeled "Negligence Where Plaintiff is Unable to Determine Whether the Person

20  Responsible is . . . or Whether all Are Responsible. . . ." and names Jantzen and J.W. as

21  Defendants.  The third is labeled "Negligence" and names Steven Conn as Defendant.  These

22  documents make the same factual allegations as are made in the Complaint described above.

23  These claims are not properly before the Court.

24  **IV.    Failure to State a Claim**

25       Federal Rule of Civil Procedure 8(a)(2) requires  "a short and plain statement of the

26  claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice

27  of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v.

28  Twombly, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41 (1957).  "[A]

1    plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than

2    labels and conclusions. . . ." <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1964-65 (quoting <u>Conley</u>, 355

3    U.S. at 47).    Factual allegations must be sufficient to raise the right to relief beyond simple

4    speculation. <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1964-65.  Thus, Rule 8 requires a *showing* of

5    entitlement, not a mere blanket assertion; without some factual allegations, the claimant

6    cannot satisfy the requirement of providing "fair notice" of the nature of the claim or the

7    "grounds" on which the claim is based.  <u>Id.</u> at n 3.  Therefore, although *pro se* pleadings are

8    liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), conclusory and vague allegations

9    will not support a cause of action.  <u>Ivey v. Board of Regents of the University of Alaska</u>, 673

10    F.2d 266, 268 (9th Cir. 1982); <u>Rhodes v. Robinson</u>, 612 F.2d 766, 772 (3d Cir. 1979).

11    Further, a liberal interpretation of a civil rights complaint may not supply essential elements

12    of the claim that were not initially pled.  <u>Ivey</u>, 673 F.2d at 268.  Finally, the form for filing a

13    civil rights complaint and accompanying instructions require that a plaintiff include only one

14    claim per count.  The requirement is also imposed by the local rules of this Court.  <u>See</u> LRCiv

15    3.4(a) (complaint must be in accordance with the instructions provided with the form).

16        Here, Plaintiff alleges that false information was contained in his sentencing report and

17    reiterated to the State Bar, but he never states what the information was.  Likewise, his

18    conspiracy claims in Counts II and III contain no specific facts to support the existence of the

19    alleged conspiracy.  <u>See</u> <u>Burns v. County of King</u>, 883 F.2d 819, 821 (9th Cir. 1989);

20    <u>Williams v. Sumner</u>, 648 F. Supp. 510, 513 (D. Nev. 1986).  His claims under 42 U.S.C.

21    §1985 do not allege that any Defendants acted with racial or otherwise class-based,

22    invidiously discriminatory animus.  Most important, he does not explain how he was actually

23    injured by the false information or Defendants' conduct.  In each count, when asked to state

24    how he was injured by Defendants' actions, he merely restates the legal claim—e.g. in Count

25    I, he describes his injury as denial "of equal protection and due process."

26        Thus, Plaintiff has not made the required showing of an entitlement to relief, and the

27    Complaint does not give Defendants fair notice of the basis of the claims.  In addition,

28    Plaintiff has included claims regarding what happened in court with claims regarding what

happened before the State Bar; these claims would be based on separate facts and appropriately brought as separate claims.

The allegations in the Complaint do not state a claim, and the Court will dismiss the Complaint.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. #7) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $15.40.

1       (3)     The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has

2  **30 days** from the date this Order is filed to file a first amended complaint in compliance with

3  this Order.

4       (4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court

5  must, without further notice, enter a judgment of dismissal of this action with prejudice that

6  states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

7       (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

8  rights complaint by a prisoner.

9       DATED this 10th day of July, 2007.

10

11

12

13                                    Stephen M. McNamee

14                                  United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28