**WO**                                                                                           SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Simmons, III, | No. CV 07-8002-PCT-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| Darcy Downs-Vollbracht, et al., | |
| Defendants. | |

Plaintiff Roy Simmons, III, who is confined in the Arizona State Prison Complex in Douglas, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On July 10, 2007, the Court dismissed the Complaint with leave to amend and gave Plaintiff 30 days to file an amended complaint. Plaintiff has filed a First Amended Complaint. The Court will dismiss the First Amended Complaint without leave to amend and direct the Clerk of Court to dismiss the action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1  28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the
2  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
3  before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
4  (*en banc*). Plaintiff's Complaint will be dismissed without leave to amend because Plaintiff
5  was given an opportunity to file an amended complaint and the Court now finds that the
6  defects cannot be corrected by further amendment.

7  **II.     First Amended Complaint**

8  Plaintiff names the following Defendants: (1) D'Arcy Downs-Vollbracht, Public
9  Defender; (2) Lee F. Jantzen, Deputy County Attorney; (3) J.W., employed as assistant to
10 Defendant Jantzen; (4) Matthew J. Smith, County Attorney; (5) James M. Jellison, a private
11 attorney; (6) Schleier, Jellison, and Schleier, a private law firm; and (7) Steven F. Conn,
12 Superior Court Judge.

13 The Complaint contains three counts, which arise from Plaintiff's prosecution and a
14 complaint by Plaintiff to the Arizona State Bar. Plaintiff alleges that Defendant Downs-
15 Vollbracht represented Plaintiff in his criminal case, which was prosecuted by Defendants
16 County Attorneys and heard by Defendant Judge Conn. Plaintiff also alleges that James
17 Jellison and his law firm, Schleier, Jellison, and Schleier, were retained by Defendant
18 Downs-Vollbracht to defend her before the Arizona State Bar where Plaintiff filed a
19 complaint. All the claims relate to allegedly false information in a pre-sentence report,
20 regarding Plaintiff's criminal history. Plaintiff alleges that he experienced a loss of liberty
21 and income as a result of Defendants' actions. Although it is never entirely clear from the
22 First Amended Complaint what the false information was or exactly how it allegedly harmed
23 Plaintiff, Plaintiff alleges that Defendant Judge Conn stated that all that resulted was that
24 Plaintiff's bond was not reduced. Plaintiff does not state how the conduct of Defendants
25 Jellison or the law firm harmed Plaintiff.

26

27

In Count I, Plaintiff alleges that, in violation of 42 U.S.C. § 1983, Defendants either submitted or allowed to be submitted false and misleading information in a court document and Defendants Jellison and the law firm reiterated the allegedly false information before the State Bar. In Count II, Plaintiff alleges that, in violation of 42 U.S.C. § 1985(2), Defendants conspired to obstruct justice by allowing false information to be submitted to the court. He further alleges that Defendant Jellison continued "his client's racial bias in his declarations his client's racial bias in his submission to the State Bar." In Count III, Plaintiff alleges that Defendants conspired to deprive Plaintiff of due process and equal protection.

### III.    Failure to State a Claim

#### A.    Counts I and III

Counts I and III allege that Defendants denied Plaintiff equal protection and due process and contain the same allegations.[1] These counts will be dismissed because Defendants are either improper Defendants in claims brought under § 1983 or Defendants have immunity.

#### 1.    Defendants Not Acting Under Color of Law

To state a claim under § 1983, the plaintiff must allege that the conduct complained of was committed by a person acting under color of state law Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Private parties generally do not act under color of state law and are properly dismissed from a § 1983 action unless the plaintiff establishes by more than conclusory allegations that the private party was somehow a state actor. Price v. State of Hawai'i 939 F.2d 701, 707-08 (9th Cir. 1991). Even if an attorney representing a criminal defendant is a public defender or court-appointed counsel, he or she does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

---

[1] Defendant J.W. is named in Count I but not named in Count III.

Defendants Downs-Vollbracht, Plaintiff's defense attorney; James Jellison, attorney to Defendant Downs-Vollbracht; and Schleier, Jellison, and Schleier, a private law firm, are not state actors. Plaintiff's conclusory allegations that these Defendants were acting under color of law are insufficient to state § 1983 claims against these Defendants.

**2.      Defendants with Immunity**

**a.      County Attorneys Jantzen, Smith, and J.W.**

Prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-31); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). Employees performing quasi-prosecutorial functions are entitled to absolute immunity functions. See Meyers v. Contra Costa County Dept. of Social Services, 812 F.2d 1154, 1157 (9th Cir. 1987) (a social worker is entitled to absolute prosecutorial immunity in connection with the initiation and pursuit of child dependency proceedings).

Here, Plaintiff alleges that the Defendant County Attorneys Jantzen and Smith submitted false information regarding Plaintiff's criminal history to the trial court and that J.W.'s initials appear at the bottom of the submitted report. Even assuming this is true, Defendants, in their roles as County Attorneys perform prosecutorial functions and are therefore immune from § 1983 liability.

**b.      Judge Conn**

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Ashelman, 793 F.2d at 1075. An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her

1 judicial capacity. Stump, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9thCir.
2 1990). The Court must construe these factors "generously in favor of the judge and in light
3 of the policies underlying judicial immunity." Ashelman, 793 F.2d at 1076.

4       This immunity attaches even if the judge is accused of acting maliciously and
5 corruptly, Pierson v. Ray, 386 U.S. 547, 553-54 (1967), or of making grave errors of law or
6 procedure. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). See also Ammons
7 v. Baldwin, 705 F.2d 1445, 1446-48 (5th Cir. 1983) (judge entitled to immunity from a claim
8 that he verbally abused and humiliated plaintiff); Tanner v. Heise, 879 F.2d 572, 577-78 (9th
9 Cir. 1989). A judge will not be deprived of immunity because the action he took was in
10 error, was done maliciously, or was in excess of his authority; rather he will be subject to
11 liability only when he has acted in the clear absence of all jurisdiction. Stump, 435 U.S. at
12 356-57. A conspiracy between a judge and a prosecutor to predetermine the outcome of a
13 judicial proceeding, while clearly improper, nevertheless does not divest the judge or the
14 prosecutor of immunity. As long as the judge's ultimate acts are judicial actions taken within
15 the court's subject matter jurisdiction, immunity applies. Ashelman, 793 F.2d at 1078.

16       Here, Plaintiff alleges that Defendant Judge Conn was in receipt of false information,
17 which was submitted in court documents and that Defendant stated in the denial of Plaintiff's
18 post-conviction relief petition that the information resulted only in bond not being reduced.
19 Furthermore, Plaintiff alleges that he made a motion to the trial court to forward information
20 to the State Bar, and Defendant Judge Conn refused to do so. Even assuming the allegations
21 are true, the conduct alleged constitutes judicial actions and therefore Defendant is immune
22 from §1983 liability.

23     **B.    Count II**

24       In Count II, Plaintiff alleges that Defendants Downs-Vollbracht, Jantzen, J.W.,
25 Jellison, and Conn each conspired to obstruct justice, in violation of 42 U.S.C. § 1985(2).

26
27

Section 1985(2) prohibits conspiracy with the purpose of obstruction of justice in state courts "with intent to deny any citizen the equal protection of the laws. . . ." 42 U.S.C. §1985 (2).

The statutory requirement of intent to deprive a person of equal protection or equal privileges means there "must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Kush v. Rutledge, 460 U.S. 719, 725(1983). In addition, a plaintiff must state specific facts, not mere conclusory statements, to support the existence of the alleged conspiracy. Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989); Williams v. Sumner, 648 F. Supp. 510, 513 (D. Nev. 1986). Although "pro se pleadings are liberally construed, particularly where civil rights claims are involved," Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990), a "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's allegations in this count are confusing at best. For example, he appears to be alleging that Defendants acted with discriminatory animus because there was an e-mail exchange between Defendants Downs-Vollbracht and Jantzen in which one or the other Defendant allegedly expressed the view that Plaintiff thought Defendants were racists. Plaintiff's conclusion that this shows Defendants' discriminatory animus is nothing more than speculative and is therefore insufficient to show entitlement to relief. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). In addition, with regard to Defendant Judge Conn, Plaintiff alleges that he "cannot say that it was or was not racially motivated with any amount of clarity." This is too is insufficient to meet the discriminatory-animus requirement.

Likewise, Plaintiff's allegations of conspiracy are merely conclusory. For example, the allegations that Defendant Downs-Vollbracht failed to investigate the allegedly false

information, even if true, do not constitute a conspiracy; Plaintiff fails to identify the person with whom she allegedly conspired. Regarding Defendant Judge Conn, Plaintiff merely alleges that he "conspired to obstruct justice." With regard, to some of the Defendants—Jantzen, J.W., and Jellison—there are no allegations of conspiracy. The First Amended Complaint is void of any factual allegations showing that any Defendants had an agreement or "meeting of the minds" to violate Plaintiff's constitutional rights. Plaintiff's dissatisfaction with Defendants' conduct coupled with his conclusory allegations of conspiracy or racial animus are not sufficient to state a claim under 42 U.S.C. § 1985.

Accordingly,

**IT IS HEREBY ORDERED dismissing** the Amended Complaint (Doc. #11) for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court will make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 6th day of August, 2007.

_____
Stephen M. McNamee
United States District Judge