**WO** SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Simmons,<br><br>    Plaintiff,<br><br>vs.<br><br>D'Arcy Downs-Vollbracht, et al.,<br><br>    Defendants. | No. CV 07-8002-PHX-SMM (JCG)<br><br>**ORDER** |

    Plaintiff Roy Simmons, who is confined in the Arizona State Prison Complex in Douglas, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On July 10, 2007, the Court dismissed the Complaint with leave to amend and gave Plaintiff 30 days to file an amended complaint. (Doc. # 9.) On July 26, 2007, Plaintiff filed a First Amended Complaint. On August 6, 2007, the Court dismissed the First Amended Complaint without leave to amend and directed the Clerk of Court to dismiss the action (Doc. #12).

    Plaintiff has filed a Motion for Reconsideration, which includes a request for appointment of counsel. (Doc. #15.) The Court will deny the motion and will deny the request for appointment of counsel as moot. Plaintiff has also filed a "Notice to Defendants of Illegible Documents," asking that Defendants refer to the Court's website to obtain legible copies of documents filed with the Court. (Doc. #14.) The Court will deny the motion as moot.

## I. Background

In the First Amended Complaint, Plaintiff named as Defendants his criminal defense attorney, the prosecutors, and the judge in his criminal case, as well as a private attorney and his law firm who were retained by the defense attorney.

The First Amended Complaint contained three counts, which arose from Plaintiff's prosecution and a complaint by Plaintiff to the Arizona State Bar. All of the claims related to allegedly false information in a pre-sentence report, apparently regarding Plaintiff's criminal history. Plaintiff alleged that he experienced a loss of liberty and income as a result of Defendants' actions. In Counts I and III, Plaintiff alleged that, in violation of 42 U.S.C. § 1983, Defendants either submitted or allowed to be submitted false and misleading information in a court document and Defendant private attorney and his law firm reiterated the information before the State Bar. In Count II, Plaintiff alleged that, in violation of 42 U.S.C. § 1985(2), Defendants conspired to obstruct justice by allowing false information to be submitted to the court and the State Bar.

The Court dismissed the First Amended Complaint, holding that (1) all Defendants in Counts I and III were either improper Defendants in claims under 42 U.S.C. § 1983 because they were not state actors or they had immunity and (2) as to Count II, Plaintiff failed to allege facts sufficient to state claims under 42 U.S.C. § 1985.

## II. Reconsideration

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)).

1       Plaintiff argues that his claim arose out of an act of perjury by the prosecutors and that
2 the private attorney and his law firm were state actors because they conspired with state
3 officials to deprive Plaintiff of his constitutional rights. He refers the Court to the "Trial
4 Court Memorandum" (Doc. # 8), which he argues includes documentation "from sources that
5 control such documents that are part of Court and police agency's that the information
6 reported by the Defendant Jantzen could obtain, but sought not to do so. . . ." He also asks
7 the Court to appoint counsel.

8       The Court found insufficient Plaintiff's allegations that Defendants defense attorney,
9 the private attorney, and the private attorney's law firm were state actors.  Likewise, the
10 Court found Plaintiff's allegations of conspiracy insufficient to state claims.  The Court notes
11 that "The Trial Memorandum" contains only a list of documents, and they are not part of the
12 First Amended Complaint.  The Court has considered the Plaintiff's arguments and finds no
13 basis to alter or amend the Order dismissing the First Amended Complaint and the action.
14 The request for appointment of counsel is denied as moot.  Accordingly,

15 **IT IS ORDERED**:

16     (1)    Plaintiff's Motion for Reconsideration (Doc. #15) is **denied** and the request for
17 appointment of counsel is **denied as moot**.

18     (2)    Plaintiff's "Notice to Defendants of Illegible Documents" (Doc. #14), asking
19 that Defendants refer to the Court's website to obtain legible copies of documents filed with
20 the Court, is **denied as moot**.

21       DATED this 21st day of August, 2007.

                                  Stephen M. McNamee
                                  United States District Judge